UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE PDPA, INC.                                :              Civil No. 3:11cv1907 (DJS)

RULING ON BANKRUPTCY APPEAL

The Appellants, Ahmed Dadi and Robert McKay, appeal from the ruling of the United States Bankruptcy Court for the District of Connecticut granting the motion of the Appellee, Richard Danzig, for relief from the automatic stay protections of 11 U.S.C. § 362(a) (2006). For the reasons stated herein, the order of the Bankruptcy Court is **affirmed**.

I. BACKGROUND

This matter concerns Danzig's attempts, made on behalf of a group of creditors holding a security interest in certain real property which the Debtor, PDPA, Inc. ("PDPA"), owned in Glastonbury, Connecticut (the "property"), to foreclose upon the property. Danzig first attempted to foreclose on the property more than four years ago. The litigation surrounding the foreclosure has proceeded through the Connecticut state courts, been denied certiorari by the Supreme Court of the United States, moved to the United States Bankruptcy Court for the District of Connecticut, and is now before this Court on an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). This Court presumes the parties' familiarity with the extensive factual and procedural background of this case.

Briefly,[1] PDPA borrowed $1,300,000, secured by a mortgage on the property, from a

---

[1] Unless otherwise noted, the facts are drawn from the Connecticut Appellate Court's recitation in Danzig v. PDPA, Inc., 125 Conn. App. 242 (2010), and Danzig v. PDPA, Inc., 125

group of creditors including Danzig in 2007.  The loan matured in May 2008, but PDPA defaulted.  The creditors filed a foreclosure action against PDPA in state court on July 28, 2008.  After PDPA failed to defend the suit, the state court granted the creditors' motion for default in December 2008.  Shortly before the state court granted the creditors' motion for default, PDPA conveyed the property to Dadi by warranty deed for nominal consideration.  Dadi[2] appeared pro se and sought to proceed with various defenses and counterclaims as the record owner of the property, and PDPA sought to remove the default.  A Superior Court judge rendered judgment of foreclosure by sale on the property, granted the creditors' motion for summary judgment on Dadi's counterclaims, and denied PDPA's motion to set aside the default.

Dadi and PDPA appealed separately.  The Connecticut Appellate Court affirmed the Superior Court in all respects.  Danzig v. PDPA, Inc., 125 Conn. App. 242 (2010) (Dadi's appeal); Danzig v. PDPA, Inc., 125 Conn. App. 254 (2010) (PDPA's appeal).  Dadi unsuccessfully sought certification from the Supreme Court of Connecticut, Danzig v. PDPA, Inc., 300 Conn. 920 (2011), and certiorari from the Supreme Court of the United States, Dadi v. Danzig, 131 S. Ct. 3077 (2011).

On June 2, 2011, shortly before the Supreme Court of the United States denied certiorari to his appeal from the state court judgment, Dadi conveyed the property back to PDPA, again for nominal consideration.  (App. to Appellee's Br. at 53-56.)  The same day, PDPA filed a

---

Conn. App. 254 (2010).

[2] Other persons and entities were defendants in the state court actions and prosecuted the appeals from the state court judgment.  Because Dadi is the only one of those parties who is a party to the current appeal from the Bankruptcy Court's order, this Court only refers to his actions in the state court proceedings.

voluntary petition, pursuant to Chapter 11 of Title 11 of the United States Code. In re PDPA, Inc., No. 11-21704 (ASD), ECF No. 1 (Bankr. D. Conn. June 2, 2011). On June 20, 2011, Danzig sought relief from the automatic stay in order to continue prosecuting the foreclosure. In re PDPA, Inc., No. 11-21704 (ASD), ECF No. 17 (Bankr. D. Conn. June 20, 2011).

After hearing evidence over three days in October 2011, Bankruptcy Judge Dabrowski granted the motion for relief from the automatic stay. Bankruptcy Judge Dabrowski concluded that (1) the creditors lacked adequate protection for their security interest in the property, (2) PDPA did not have an equity interest in the property and the property was not necessary to an effective reorganization of PDPA, and (3) PDPA's bankruptcy petition formed part of a scheme to delay, hinder, or defraud creditors that involved a transfer of the property without the consent of a secured creditor or court approval. (App. to Appellant's Br. at 5.) Bankruptcy Judge Dabrowski ordered that the foreclosure proceedings could recommence immediately. Id. at 6.

The Appellants appealed to this Court. In re PDPA, Inc., No. 11-21704 (ASD), ECF No. 61 (Bankr. D. Conn. Nov. 10, 2011). In November 2011, the Appellants also sought a stay of Bankruptcy Judge Dabrowski's order pending the appeal. In re PDPA, Inc., No. 11-21704 (ASD), ECF No. 65 (Bankr. D. Conn. Nov. 22, 2011). After a hearing, Bankruptcy Judge Dabrowksi denied the motion. In re PDPA, Inc., No. 11-21704 (ASD), ECF No. 80 (Bankr. D. Conn. Dec. 8, 2011). In April 2012, the Appellants sought a stay of Bankruptcy Judge Dabrowski's order from this Court. (See generally Appellant's Emerg. Mot. to Stay.) This Court also denied the requested relief. In re PDPA, Inc., 3:11-cv-1907 (DJS), ECF No. 23 (D. Conn. May 17, 2012). Meanwhile, the foreclosure sale of the property has been completed and confirmed as of April 2012. (Appellee's Obj. to Appellant's Emerg. Mot. to Stay Ex. A, Ex. B.)

## II. STANDARD OF REVIEW

This court "may affirm, modify, or reverse" the Bankruptcy Court's judgment, or "remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Id. "A finding is clearly erroneous when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' Metzen v. United States, 19 F.3d 795, 797 (2d Cir. 1994). The bankruptcy court's conclusions of law, however, are reviewed *de novo*. See In re AroChem Corp., 176 F.3d 610, 620 (2d Cir. 1999). Mixed questions of law and fact are also reviewed *de novo*. See In re Vebeliunas, 332 F.3d 85, 90 (2d Cir. 2003)." In re Guadalupe, 365 B.R. 17, 19 (D. Conn. 2007).

## III. DISCUSSION

Appellants argue that several of Bankruptcy Judge Dabrowski's findings of fact underpinning his decision to grant Danzig's motion for relief from the automatic stay constitute clear error warranting reversal. None of the Appellants' arguments has merit. This Court concludes that Bankruptcy Judge Dabrowski's findings of fact are well supported by the record and certainly not clearly erroneous. The Court briefly addresses the Appellants' arguments.

First, the Appellants argue that Bankruptcy Judge Dabrowski substituted his own experience in securing approvals and funding necessary to construct sewers in residential subdivisions for Dadi's testimony about how long such a process would take with respect to the

property.  If Bankruptcy Judge Dabrowski had credited Dadi's testimony on this point, the Appellants argue, he may have concluded that a reasonable possibility of reorganization existed and that relief from the automatic stay was inappropriate.

The argument fails.  Bankruptcy Judge Dabrowski detailed the support for his findings of fact in great detail.  (Oct. 25, 2011 Tr. at 159-168.)  In particular, Bankruptcy Judge Dabrowski noted his skepticism of Dadi's optimistic time estimates based on the lack of progress toward completion of the development of the property during the long pendency of the foreclosure proceedings, id. at 164-65, as well as on the existence of several outstanding action items which an official of the Town of Glastonbury testified were prerequisites for relevant approvals, id. at 163-64.  Given the ample record support for these factual findings, the record certainly supports Bankruptcy Judge Dabrowski's decision not to credit Dadi's testimony about the time it would take him to obtain relevant approvals for sewer construction on the property.  Bankruptcy Judge Dabrowski's findings were quite proper and do not reflect any substitution of personal experience for the evidence presented.[3]  On the same basis, Bankruptcy Judge Dabrowksi's conclusion that no reasonable possibility of reorganization existed also had ample record support and was not clearly erroneous.[4]

---

[3] Danzig also notes, in his brief, several other inconsistencies in Dadi's testimony.  (See Appellee's Br. at 9-12.)  These inconsistencies have record support, and any one of them could reasonably lead a trier of fact to decline to credit Dadi's testimony.  See id.

[4] The Appellants argue that Bankruptcy Judge Dabrowski abused his discretion by not crediting Dadi's testimony that Dadi had successfully reorganized a prior real estate venture in bankruptcy, paying off all unsecured creditors, and could do so again here.  Again, viewing the record in its entirety, and giving appropriate deference to Bankruptcy Judge Dabrowski's assessment of Dadi's credibility, the Appellants have not shown clear error or abuse of discretion.

Second, the Appellants argue that Bankruptcy Judge Dabrowski committed clear error in concluding that the Appellants lacked equity in the property. This argument also fails. The post-default interest rate stated in the promissory note applies here.[5] See Cadle Co. v. D'Addario, 131 Conn. App. 223, 246-47 (2011); (App. to Appellee's Br. at 2-9.) Using the promissory note's post-default interest rate, the value of the debt on the promissory note was over $2,400,000 at the time of the hearings. (Oct. 19, 2011 Tr. at 305; App. to Appellee's Br. at 64-65.) This value does not include other debts secured by the property, as well as delinquent taxes. (App. to Appellant's Br. at 42, 66; Oct. 19, 2011 Tr. at 76-78.) The most optimistic assessment of the value of the property which Bankruptcy Judge Dabrowski credited was $2,360,000.[6] (Oct. 20, 2011 Tr. at 50.) Accordingly, Bankruptcy Judge Dabrowski's finding that there was no equity in the property had ample record support, and no clear error warranting reversal exists. On the same basis, Bankruptcy Judge Dabrowski properly found that there was inadequate protection of the creditors' interest in the property. See Thompson v. JP Morgan Chase Bank, N.A., No. 11–cv–2905 (JFB), 2012 WL 739384, at *6 (E.D.N.Y. Mar. 8, 2012) (Bankruptcy Judge properly granted relief from automatic stay for lack of adequate protection of the creditors' interest where,

---

[5] To the extent that the Appellants argue on appeal that the statutory post-judgment interest rate found in Conn. Gen. Stat. § 37-3a applies instead of the post-default interest rate the parties bargained for in the express terms of the promissory note, the argument is inadequately presented and is, in any event, foreclosed by Cadle Co. v. D'Addario, 131 Conn. App. 223, 247 (2011), and the authorities cited therein, which "held unequivocally that parties may contract for post-maturity and postjudgment interest." To the extent that the Appellants argue that the post-default interest rate specified in the promissory note is not fair or equitable, Appellants fail to cite any authority in support of this argument, so the argument fails.

[6] To the extent the Appellants argue that Bankruptcy Judge Dabrowski committed clear error by failing to credit higher valuations proffered by the Appellants based on alternative valuation methods or based on purported bids by interested purchasers, this Court, deferring to Bankruptcy Judge Dabrowski's credibility assessments, rejects the argument.

<u>inter alia</u>, payments had not been made in several years, debtor had no equity in the property, and state court foreclosure proceedings were ongoing).

Finally, the Appellants argue that Bankruptcy Judge Dabrowski committed clear error in concluding that PDPA's bankruptcy petition was part of a scheme to delay, hinder, or defraud its creditors.  Based on the clear record of the Appellants' successful use of legal proceedings to delay the state court foreclosure proceedings for several years, as well as the clear evidence that Dadi conveyed the property to PDPA for nominal consideration on the same day as the filing of the bankruptcy petition, without court approval or the consent of Danzig and the other creditors, Bankruptcy Judge Dabrowski had ample record support for such a finding.  The Appellants have not shown clear error warranting reversal.

Based on these well-supported findings of fact, Bankruptcy Judge Dabrowski acted quite properly in granting Danzig's motion for relief from the automatic stay.  <u>See</u> 11 U.S.C. § 362(d)(1) (lack of adequate protection of an interest in property), § 362(d)(2) (debtor lacks equity in the property and the property is not necessary to an effective reorganization), § 362(d)(4)(A) (filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved transfer of all or part ownership of real property without the consent of the secured creditor or court approval).  The Appellants have shown no abuse of discretion warranting reversal.

## IV. CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Court granting Danzig's motion for relief from the automatic stay is **affirmed**. The Clerk is directed to close the case.

**SO ORDERED** this 12th day of June 2012, at Hartford, Connecticut.

_____/s/ DJS_____
Dominic J. Squatrito
United States District Judge